1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WYATILLIUS HOWARD,

      Petitioner,                      No. C 09-04750 JSW

      v.

MICHAEL S. EVANS, Warden,           **ORDER**

      Respondent.

_____/

      Petitioner Wyatillius Howard, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

      Petitioner was convicted in the Superior Court of the State of California in and for the County of Alameda for violation of California Penal Code §§ 187, 12022(a) for second degree murder and an arming enhancement based on his co-defendant's use of a firearm during the commission of the charged homicide. On July 14, 1993, he was sentenced to a term of 18 years to life, which was later modified to a term of 16 years to life.

      Petitioner filed a petition for writ of habeas corpus raising the same issues as presented in his federal habeas in the California Superior Court, the California Court of Appeal and in the Supreme Court of California, which denied his petition for review on September 9, 2009. This is Petitioner's second federal habeas petition, but the first habeas petition raising these issues.

## DISCUSSION

**United States District Court**
For the Northern District of California

1

### A.     Legal Standard.

2      This court may entertain a petition for writ of habeas corpus "in behalf of a person in

3   custody pursuant to the judgment of a State court only on the ground that he is in custody in

4   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It

5   shall "award the writ or issue an order directing the respondent to show cause why the writ

6   should not be granted, unless it appears from the application that the applicant or person

7   detained is not entitled thereto."  28 U.S.C. § 2243.

8      Summary dismissal is appropriate only where the allegations in the petition are vague or

9   conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908

10   F.2d 490, 491 (9th Cir. 1990).

11

### B.     Petitioner's Legal Claims.

12      Petitioner seeks federal habeas corpus relief by raising the following claims:

13   (1) prosecutorial misconduct and (2) ineffective assistance of counsel.  Liberally construed, the

14   claims appear potentially colorable under 28 U.S.C. § 2254 and merit an answer from

15   Respondent.

16

**CONCLUSION**

17      For the foregoing reasons and for good cause shown:

18      1.      The Clerk shall serve by certified mail a copy of this Order and the petition and

19   all attachments thereto upon Respondent.  The Clerk shall also serve a copy of this order on

20   Petitioner.

21      2.      Respondent shall file with the Court and serve on petitioner, within 60 days of

22   the date of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing

23   Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.

24   Respondent shall file with the answer and serve on Petitioner a copy of all portions of the

25   administrative record that are relevant to a determination of the issues presented by the petition.

26   ///

27   ///

28   ///

3.    If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated:  December 23, 2009

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28